
MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: mmcgrath@mcrazlaw.com
fpetersen@mcrazlaw.com
dhindman@mcrazlaw.com
By: Michael McGrath, # 6019
Frederick J. Petersen, # 19944
David J. Hindman, # 24704
15022-1/mbt
Attorneys for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>BILTMORE 24 INVESTORS SPE, LLC<br>(EIN 32-0407608),<br>Debtor.<br><br>Address: 5515 E. Deer Valley Dr., Phoenix, AZ 85054 | Chapter 11<br><br>Case No. 2:16-bk-13358-BKM<br><br>**ORDER GRANTING DEBTOR'S AMENDED MOTION FOR ORDER AUTHORIZING PRIVATE SALE OF ESTATE ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS**<br>[Approximately 5.08 Acre Multifamily Parcel at SW Corner of 24th Street and Highland Ave in Phoenix, Arizona] |

Biltmore 24 Investors SPE, LLC ("Biltmore" or "Debtor"), the Debtor-in-Possession in the above-captioned Chapter 11 case, filed a *Motion For Order Authorizing Private Sale Of Estate Assets Free And Clear Of Liens, Claims And Interest* [DE 89] (the "Motion"), which was granted, after appropriate notice and a hearing, on May 25, 2017 pursuant to the Court's Order granting the Motion and approving the sale free and clear of liens, claims and interests [DE 117].

The Debtor filed a *Debtor's Amended Motion for Order Authorizing Private Sale of Estate Assets Free and Clear of Liens, Claims and Interests* ("Amended Motion") [DE 152] on August 14, 2017, and its *Notice of Filing Signed Amended and Restated Sale Agreement and Escrow Instructions and of Amendment of Certain Sale Terms* [DE 162] on August 21, 2017, providing a fully executed copy of the Amended and Restated Sale Agreement, with amended sale terms set forth therein.

Dave's Construction Service, Inc. filed a joinder in support of the Amended Motion [DE 165] (the "Joinder"); Wanxiang International Investment Corporation ("Wanxiang") filed a Response [DE 164] (the "Response"); and Spray Systems of Arizona, Inc. filed an Objection [DE 166] (the "Objection").

After due and proper notice to creditors and parties in interest [DE 157 and 158], the Amended Motion came on for hearing on August 29, 2017 where arguments of counsel were heard and additional objections were made.

Upon consideration of the Amended Motion, the Joinder, the Response, the Objection, the entire record of the case, and the oral arguments and additional objections of counsel at the hearing, and for the reasons stated upon the record,

IT IS HEREBY ORDERED as follows:

1. Granting the Motion;

2. Overruling all objections;

3. Approving the terms of the Amended and Restated Sale Agreement;

4. Authorizing the Debtor, pursuant to the terms of the Amended and Restated Sale Agreement[1] executed by the Debtor as seller and Morgan Group Development, LLC, as buyer (the "Buyer"), to sell the Debtor's interest in approximately 5.08 acres of real property located at the southwest corner of 24th Street and Highland Avenue in Phoenix,

---

[1] The Debtor filed the Amended and Restated Sale Agreement [DE 162] without redacting identifying information of the Buyer.

Arizona, together with related reports, completed work, and plans, as more particularly described in the Amended and Restated Sale Agreement (the "Property"), free and clear of all liens, claims, rights, interests and encumbrances, with any existing liens to attach to the sale proceeds in the same priority pursuant to 11 U.S.C. §363(b) and (f) unless and until paid or otherwise released. Notwithstanding the foregoing, the sale approval herein does not alter, amend, and/or release any lien on real or personal property that is not part of the Property, including but not limited to the remaining real property owned by the Debtor;

5. The Amended and Restated Sale Agreement provides for certain earnest money paid by the Buyer to be held in escrow. As and when the Earnest Money or any portion thereof becomes non-refundable to the Buyer pursuant to the terms of the Amended and Restated Sale Agreement, the Escrow Agent is directed to deliver the non-refundable Earnest Money to Wanxiang pursuant to instructions to be provided by Wanxiang, with such funds to be credited against Wanxiang's claim;

6. If the closing of the transactions contemplated by the Amended and Restated Purchase Agreement are not consummated by reason of a default by the Debtor in the observance or performance of its obligations or because a condition precedent to either party's obligation has not been satisfied and such failure to consummate obligates the Debtor, pursuant to the express terms and conditions of the Amended and Restated Purchase Agreement, to return the Earnest Money to Buyer, then Wanxiang shall promptly return such funds to the Buyer or interplead them into this Court pending the determination of which party is entitled to such earnest money. This Court retains jurisdiction with respect to any default by Debtor of the Amended and Restated Purchase Agreement, whether such default is directly or indirectly caused by Debtor, including jurisdiction to order specific performance concerning the Amended and Restated Purchase Agreement;

7. Authorizing the Debtor and Buyer to close the sale and transfer the Property to the Buyer or its assigns as contemplated in the Amended and Restated Sale Agreement.

Although all other conditions of the Amended and Restated Sale Agreement may have been met, the Buyer is not required to close the sale prior to this order becoming a final non-appealable order;

8. Authorizing the Debtor to pay all reasonable and customary costs associated with closing, including but not limited to payment of all real estate commissions, real property taxes for the Property, closing costs, escrow fees, and other escrow charges, from the proceeds of the sale at Close of Escrow, as defined in the Amended and Restated Sale Agreement. Notwithstanding the foregoing, the Debtor is not permitted to disburse any proceeds to the Debtor, its members, managers, affiliates or other related parties absent further order of the Court;

9. Authorizing and directing the Debtor and/or Escrow Agent to pay from escrow all undisputed claim amounts of Wanxiang, Spray Systems, Dave's Construction and Waste Management, including the undisputed portions of the following claims:

    a. The undisputed portion of Wanxiang's claim including: (i) original principal in the amount of $15,150,000; (ii) accrued contract interest through April 23, 2016 in the amount of $2,471,649.10; (iii) accrued default interest through September 23, 2017 in the amount of $6,141,011.22; (iv) per diem interest in the amount $13,861.55 from September 24, 2017, provided, the Closing occurs on or before October 23, 2017; (v) if the Closing occurs after October 23, 2017, per diem interest due after October 23, 2017 shall be calculated in accordance with the Loan Documents; and (vi) attorneys' fees and costs through August 31, 2017 in an amount of $126,969.35. Debtor disputes the remainder of Wanxiang's asserted claim, including claimed late fees. Notwithstanding anything in this Order to the contrary, nothing in this Order modifies Wanxiang's rights under the Loan Documents,

including, but not limited to, the rights pertaining to application of payments received by Wanxiang and Wanxiang's right to assert that the disputed sums continue to accrue under the Loan Documents. The Debtor reserves all rights to dispute Wanxiang assertions under the Loan Documents as to the disputed portion of Wanxiang's claim and application of payments under the Loan Documents.

    b. Subject to paragraph 10, the undisputed portion of Spray Systems' claim including: (i) principal lien of $306,656, (ii) interest through and including 9/21/2017 in the amount of $113,420.71; (iii) per diem interest of $151.22 per day through Closing, or if payment is not made at Closing, then through the date of payment in full of the undisputed portions of Spray Systems' claim; (iv) pre-petition attorneys' fees and costs in the amount of $40,429.47 and (iv) post-petition attorneys' fees and costs to the extent agreed to by the claimant and Debtor. Debtor disputes the remainder of Spray Systems' asserted claim, including any additional claimed attorneys' fees. The parties reserve all rights concerning disputed claims.

    c. Subject to paragraph 10, the undisputed portion of Dave's Construction's claim including: (i) principal of $316,477.47, and (ii) interest and attorneys' fees to the extent agreed to by the claimant and Debtor. Debtor disputes the remainder of Dave's Construction's claim, including disputed principal, interest, and attorneys' fees.

    d. Subject to paragraph 10, the undisputed portion of Waste Management's secured claim in the total amount of $35,873.10.

10. The Debtor may only pay, in whole or in part, Spray Systems' secured claim, Dave's Construction's secured claim, and Waste Management's secured claim if the sale

proceeds remaining in escrow are at least $3 million after the payment of such claims. Beginning ninety days after entry of this order, the Debtor may request, subject to notice to Wanxiang and an opportunity to object by Wanxiang, that the Court reconsider the amount that must remain in escrow pending resolution of Wanxiang's disputed claim;

11. After payment of undisputed claim amounts, the disputed portion of any claim (as well as the undisputed claim amount until paid) shall have a lien against the remaining sale proceeds and the remaining property of the Debtor to the same extent, validity, and priority as existed prepetition;

12. To the extent there are other liens that attach to sale proceeds, such sale proceeds shall likewise be held in escrow unless otherwise agreed by the Debtor and applicable claimant or otherwise ordered by the Court. All remaining sales proceeds that might otherwise be distributed to the Debtor will remain in escrow with no funds being distributed to the Debtor, its attorneys, its members, managers, affiliates or other related parties until the claims of all secured creditors are resolved by agreement of the Debtor and applicable claimant, or order of the Court;

13. Authorizing Bruce Gray, as representative of the Debtor, to execute all necessary documents on behalf of the Debtor to effectuate the sale pursuant to the terms of the Amended and Restated Sale Agreement and this Order; and

14. Authorizing the Debtor to take any and all other actions necessary to effectuate the sale as contemplated in the Amended and Restated Sale Agreement.

**DATED AND SIGNED ABOVE.**

Approved as to form and content:

SNELL & WILMER L.L.P.[2]

By: _____(signed) David Hudson per authorization_____
Steven Jerome
Attorney for Wanxiang

COSTELLO LAW FIRM

By: _____(signed) David Hudson per authorization_____
Alan R. Costello
Attorney for Spray Systems

LAKE & COBB, P.L.C.

By: _____(signed) David Hudson per authorization_____
Don C. Fletcher
Attorney for Dave's Construction, Inc.

MARICOPA COUNTY ATTORNEY

By: _____(signed) David Hudson per authorization_____
Lori Lewis
Attorney for Maricopa County Treasurer

OSBORNE MALEDON

By: _____(signed) David Hudson per authorization_____
Warren Stapleton
Attorney for Morgan Group Development, LLC

24N2659.DOCX

---

[2] Counsel for Wanxiang's approval of the form and content of this Order merely indicates Wanxiang's acknowledgement that the Order is consistent with the Court's ruling and is not, and shall not be construed, as a waiver of any rights, including the right to appeal.